■ M. R. G. REALTY Co., by HINES & HINES, Agent, Appellant-Respondent, v ROSEMARY BLOOMBERG, Respondent-Appellant.—Order, Appellate Term, entered January 14, 1977, which unanimously reversed a final judgment of the Civil Court, New York County, entered September 29, 1975, unanimously reversed, on the law, and the final judgment of the Civil Court reinstated with costs in all courts. Respondent-respondent-appellant shall recover of petitioner-appellant-respondent $60 costs and disbursements of this appeal. The petitioner M. R. G. Realty Co. purchased the subject premises in December, 1974. In commencing this nonpayment proceeding, petitioner sought to recover the sum of $917.28 which was owing prior to December, 1974. Petitioner predicated its claim to maintain this proceeding on the basis of an alleged oral assignment of the rent arrears from the previous owner given in December, 1974. The offer of proof on the existence of the alleged oral assignment consisted of the submission of two documents, the first of which is dated March 4, 1975, some two months *after* the commencement of this nonpayment proceeding. This document failed to identify the assignee and identified the assignor, one Ida Funt, as being the owner of the premises. The subsequent document, dated July 29, 1975, purported to be an amendment which set forth the name of the assignee, to wit, petitioner M. R. G. Realty Co. and the date the assignment was orally given as December 1, 1974. This amendment was also signed by Ida Funt. Ida Funt did not testify at the hearing in the Civil Court. Testimony of the attorney for petitioner was to the effect that the principals who owned the building prior to petitioner were Ida Funt, Philip Tenebaum, Abraham Kaplan and Rose Shapiro. The hearing officer inquired whether they owned the property as individuals, as a partnership, or as a corporation, to which petitioner's counsel replied that he did not know. In consequence, the hearing officer requested that petitioner supply the court with documentation which would sufficiently demonstrate that Ida Funt had the authority to make the assignment of rent. Nowhere in the record is this documentation presented. The hearing officer therefore properly concluded that "[t]he creation of both documents after the inception of this proceeding serves only to create confusion—not an assignment from the purported owner" and dismissed the petition without prejudice. Nonetheless, the Appellate Term concluded on this record that there was "incontroverted evidence of an oral assignment on December 1, 1974 to landlord, by the former owner of the property, of the rent in arrears." Patently, this conclusion is without foundation. The issue is not whether there can be an oral assignment of rent. The issue is whether there was a valid assignment of rent. Petitioner failed to prove such assignment. Further, a *judgment for possession* may be awarded to the individual or business entity with title to the property or entitled to possession pursuant to section 713 of the Real Property Actions and Proceedings Law (see Rasch, Landlord and Tenant [2d ed], § 1349). The respondent tenant avers that the premises have, since inception of this proceeding, been twice conveyed—on October 25, 1976 to Barmel Equities, Inc., and on October 27, 1976 to 82 Washington Associates. Concur—Lupiano, J. P., Birns, Silverman and Markewich, JJ.